IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RYON STACY REESE,

                  OPINION AND ORDER

    Petitioner,

                   16-cv-83-jdp

 v.

GREGORY GRAM,

    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this petition for a writ of habeas corpus under 28 U.S.C. § 2254, petitioner Ryon Stacy Reese is challenging the 2004 revocation of his probation for allegations of sexual assault of a child. Petitioner contends that he received ineffective assistance of counsel at his revocation hearing because counsel failed to call the victim to testify, failed to investigate the witnesses she did call and allowed petitioner's daughter to gather evidence. The petition is now fully briefed and ready for decision. I am denying the petition, both because it is untimely and because petitioner has not shown that the Wisconsin Court of Appeals erred in concluding that he did not receive ineffective assistance of counsel.

OPINION

A. Timeliness

Respondent's primary argument for denying the petition is that it is untimely under

1

28 U.S.C. § 2241(d)(1), which imposes a one-year limitations period for "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Respondent cites decisions from various courts that have held that § 2244(d)(1) applies to probation and parole revocation decisions. E.g., Brown v. Barrow, 512 F.3d 1304, 1307 n. 1 (11th Cir. 2008); Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003); Wade v. Robinson, 327 F.3d 328, 332–33 (4th Cir. 2003); Cook v. New York State Division of Parole, 321 F.3d 274, 280 (2d Cir. 2003); Kimbrell v. Cockrell, 311 F.3d 361, 362–64 (5th Cir. 2002). But the rule is not as clear as respondent suggests, at least not in this circuit.

Although respondent acknowledges that the Court of Appeals for the Seventh Circuit has not addressed this issue, respondent does not cite Cox v. McBride, 279 F.3d 492, 493–94 (7th Cir. 2002), in which the court held that the scope of § 2241(d)(1) is determined by "the custody [the petitioner] is challenging, as distinct from the custody that confers federal jurisdiction." Applying this rule, the court concluded that § 2241(d)(1) did not apply to a prisoner challenging a loss of good time credits because the revocation occurred through a decision of the prison disciplinary board rather than a state court judgment. Id. Other courts have summarized the holding of Cox to be that "the limitations period of § 2244(d) does not apply to petitions contesting administrative decisions." Parker v. Korte, No. 16-CV-0908-DRH, 2016 WL 4943642, at *3 (S.D. Ill. Sept. 16, 2016). In that situation, there is no statute of limitations, so the only time bar for a claim based on administrative decision arises under the doctrine of laches. Cox, 279 F.3d at 494.

Cox might seem to apply to this case because petitioner's probation was revoked in a decision by an administrative law judge rather than a state court. But Cox appears to be distinguishable because petitioner's judgment of conviction was amended as a result of the revocation decision, dkt. #21-1 at 48, so, in a sense, petitioner is challenging a state court judgment as well as an administrative decision. Unfortunately, neither party discusses Cox in their briefs. However, petitioner does not object to respondent's argument that § 2244(d)(1) applies, so petitioner has forfeited any argument to the contrary. Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument ... results in waiver").

If Cox is controlling and the one year limitations period of § 2244(d)(1) applies, then the petition is untimely. Petitioner's probation was revoked in 2004 and his appeal was concluded in 2006. He then waited four more years to raise a claim for ineffective assistance in a state petition for a writ of habeas corpus. Dkt. #21-4 at 2.

Petitioner says he complied with the statute of limitations because he filed his petition in this court less than one year after he finished the appeals process for his state habeas petition. He relies on the language in § 2244(d)(1)(A), but that provision does not support his claim. Rather, § 2244(d)(1)(A) says that a prisoner has one year from "the date on which the judgment became final *by the conclusion of direct review* or the expiration of the time for seeking such review." The provision does not apply to postconviction proceedings or other collateral review. Although the limitations period is tolled while state court proceedings are pending, 28 U.S.C. § 2244(d)(2), that rule does not help petitioner because

his limitations period expired long before he filed his habeas petition in state court.

The only other potentially relevant provision is § 2244(d)(1)(D), under which the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Most of the courts cited above from outside this circuit have applied § 2244(d)(1)(D) to probation and parole revocation decisions, generally concluding that the revocation decision itself gave the petitioner notice of his claim. In this case, petitioner does not allege that he was unaware of the facts relevant to his claim for ineffective assistance at the time the administrative law judge revoked his parole. Accordingly, under any application of Cox and § 2244(d)(1), I conclude that petitioner's claim is untimely.

### B. Merits

Even if I assume that § 2244(d)(1) does not apply and that petitioner's claims are timely, I would deny the petition on the merits. To prevail on a claim for ineffective assistance of counsel, petitioner must show both that his lawyer's performance fell below "an objective standard of reasonableness" *and* that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694(1984). Further, a federal court may not grant a § 2254 petition unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." § 2254(d). "A decision is 'contrary to' clearly established federal law if the rule the

4

decision applies differs from governing law set forth in Supreme Court cases. A decision involves an 'unreasonable application' of Supreme Court precedent if the decision, while identifying the correct governing rule of law, applies it unreasonably to the facts of the case." Bailey v. Lemke, 735 F.3d 945, 949–50 (7th Cir. 2013) (citing Bell v. Cone, 535 U.S. 685, 694 (2002), and Williams v. Taylor, 529 U.S. 362, 407 (2000)).

In his briefs, petitioner does not address the decision of the Wisconsin Court of Appeals in which the court concluded that he failed to show that his counsel performed deficiently or that he was prejudiced by any alleged errors. Although petitioner argues that his counsel did not have good reasons for her defense strategy at the revocation hearing, he does not develop any argument that there is a reasonable probability that his revocation hearing would have turned out differently in the absence of the alleged errors. Without an argument from petitioner regarding prejudice, I cannot conclude that petitioner has met his burden to show that he is in custody in violation of federal law.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the decision that the petition should be dismissed because petitioner has failed to show that he was prejudiced by his counsel's alleged errors or that the decision of the Wisconsin Court of Appeals was contrary to federal law or applied that law unreasonably. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that

1. Petitioner Ryon Reese's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered January 10, 2017.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge